**Office of the Standing Chapter 13 Trustee**
Thomas D. Powers, Trustee
State Bar No. 16218700
125 E. John Carpenter Freeway, Suite 1100
Irving, Texas 75062
(214) 855-9200
(214) 965-0758 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORHTERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE:                                          Case #:   09-35705-SGJ-13
      AMY GOLDBLATT HOWARD
                                                Hearing: 12/10/2009

      Debtors

TRUSTEE'S MOTION TO TRANSFER VENUE AND BRIEF IN SUPPORT

TO THE HONORABLE BANKRUPTCY JUDGE:

COMES NOW Thomas D. Powers, Standing Chapter 13 Trustee, to file his Motion to Transfer

Venue and Brief in Support, and would respectfully show the following.

1. The Debtor has filed a Chapter 13 bankruptcy case in the Dallas Division of the

Northern District of Texas.  For the following reasons, the case should be transferred to a

district in which venue would be proper.

2. The Debtor's petition, schedules, and statement of financial affairs show that the

Debtor's domicile and residence are not located within the Northern District of Texas.

Furthermore, the Debtor does not have his or her principal place of business or

principal assets in the Northern District of Texas.

3. Employment within the district does not qualify as "principal place of business" or

"principal assets" for venue purposes.  See, In re Henderson, 197 B.R. 147, 151 (Bankr. N.D.

Ala. 1996); <u>In re Berryhill</u>, 182 B.R. 29, (Bankr. W.D.Tenn. 1995); <u>In re Petrie</u>, 142 B.R.

404, 405 (Bankr. D. Nev. 1992); <u>In re Oliver</u>, 111 B.R. 540, 544 (Bankr D. Md. 1989).*

    4. Pursuant to 28 U.S.C.ƒ 1408, therefore, venue is not proper in the  Northern District

of Texas.  When venue is not proper, the Court must either dismiss of transfer the case to

an appropriate district.  See Fed. R. Bankr. P. 1014(a)(2), based on 28 U.S.C.ƒ 1406.  The

Court may not consider any other factors, such as convenience of the parties, to determine

to retain an improperly venued case.  <u>In re Columbia Western, Inc.</u>, 83 B.R. 660 (Bankr D.

Mass. 1995); <u>In re EDP Medical Computer Systems, Inc.</u>, 178 B.R. 57 (M.D. Penn. 1995); <u>In re</u>

<u>Mcall</u>, 194 B.R. 590 (Bankr. W.D. Tenn. 1996); <u>In re Peachtree Lane Associates, Ltd.</u>, 188

---

    *The legislative history of the venue provisions for bankruptcy filings also shows
that Congress did not intend to allow the debtor's place of employment to influence venue.
With the enactment of the Bankruptcy Code in 1979, Congress also enacted 28 U.S.C ƒ 1472
(now superseded).  Section 1472 provided that venue was proper in a district "in which the
domicile, residence, principal place of business, in the United States, or principal
assets, in the United States, of the person or entity..."  <u>In re Vann</u>, 3 B.R. 192, 193 n.3
(Bankr. E.D. Penn 1980).  Section 1472 superseded Bankruptcy Rule 13-110(a), which
provided that venue was proper in a district in which the debtor had "his principal place
of employment, residence or domicile."  <u>Id.</u> at 193; <u>Barnes v. Whelan</u>, 689 F.2d 193, 204
(D.C. Cir. 1982). ""Place of business', as a basis of venue prescribed by ƒ 2a(1) of the
act, was found to be inappropriate for the Chapter XIII wage earner so, 'place of employ-
ment' was substituted while retaining residence or domicile as the usual basis for venue."
<u>Id.</u> (Citing Bankruptcy Act Comment to Rule 13-110).
    Congress, however, did not include "place of employment" as a venue option when it
enacted 28 U.S.C ƒ 1472, even though it had been set out in the prior law (Rule 13-110).
"In the absence of evidence to the contrary,... we must assume that Congress was aware of
Rule 13-110, and realized that section 1472 deleted 'principal place of employment' as a
location for proper venue." <u>Barnes</u>, 689 F.2d at 204.  Furthermore, when Congress enacted
28 U.S.C. ƒ 1408, it again had the opportunity to include "place of employment" in the
venue statute, but it did not.
    It also appears that "principal place of business" is a term of art.  "Courts
generally held that a salaried employee did not have a 'place of business' where he
was employed."  Id. (citing Higgins v. State Loan Co., 72 App.D.C. 328, 114 F.2d 25 (1940)
"It would seem reasonable to conclude that whatever meaning the phrase 'place of business'
may have generally, as used in the Bankruptcy Act for jurisdictional purposes it means a
place where the bankrupt has a business of his own.").

B.R. 815 (N.D. Ill. 1995); In re Berryhill, 182 B.R. 29 (Bankr. W.D. Tenn. 1995); In re

Great Lakes Hotel Associates, 154 B.R. 667 (E.D. Va. 1992); In re Petrie, 142 B.R. 404

(Bankr. D. Nev. 1992); Matter of Sporting Club at Ill. Ctr., 132 B.R. 792 (Bankr. N.D. Ga.

1991); CMR, Inc. v. Tri-City Foods, Inc., 100 B.R. 51 (D.Kan. 1989); In re Pick, 95 B.R.

712 (Bankr. D.S.D. 1989).  A different reading of the venue statutes would promote forum

shopping in the filing of bankruptcy cases.

   **WHEREFORE, PREMISES CONSIDERED**, the Trustee prays for an order transferring this case

to the Eastern District of Texas, Sherman Division, and for any other

just and proper relief.

                                        Respectfully submitted,


                                        /s/Thomas D. Powers
                                        Thomas D. Powers, Trustee
                                        State Bar No. 16218700
                                        OFFICE OF THE STANDING
                                        CHAPTER 13 TRUSTEE
                                        125 E. John Carpenter Freeway
                                        Suite 1100
                                        Irving, Texas 75062
                                        (214) 855-9200
                                        (214) 965-0758 (FAX)


                            **NOTICE OF HEARING**

   Please take note that a hearing has been scheduled for **12/10/2009**.  A pre-hearing
conference will be held on that date at 8:30 a.m. by the Trustee at 125 E. John Carpenter
Freeway, Suite 1100, Irving, Texas.  Any objections to the proposed relief not resolved or
defaulted at the pre-hearing conference will be heard by the Court at 2:00 p.m. on the same
date on the 14th Floor, 1100 Commerce St., Dallas, Texas.  Parties are not required to
attend the pre-hearing conference unless they oppose the relief requested

```
Office of the Chapter 13 Trustee
125 E. John Carpenter Fwy, Suite 1100
Irving, Texas 75062
(214) 855-9200/ Fax (214) 965-0758
```

```
 Case #    09-35705-SGJ-13
 Debtor(s) AMY GOLDBLATT HOWARD
```

## Certificate of Service

I hereby certify that a copy of the foregoing "Trustee's Motion to Transfer Venue and Brief in Support" was served on the following parties at the addresses listed below by United States First Class Mail.

DEBTOR(S):       AMY GOLDBLATT HOWARD, 5783 VERSAILLES AVENUE, FRISCO TX, 75034

DEBTOR(S) ATTORNEY:

      HOWARD MARC SPECTOR PC, 12770 COIT ROAD, SUITE 1100, DALLAS TX, 75251

CREDITORS:

      BARRETT DAFFIN FRAPPIER ET AL, 1900 ST JAMES PLACE, SUITE 500, HOUSTON TX, 77056

      HSBC BANK NEVADA NA, BASS AND ASSOCIATES PC, 3936 E FT LOWELL SUITE 200, TUCSON AZ, 85712

      CITY OF FRISCO, CO LINEBARGER GOGGAN BLAIR, 2323 BRYAN STREET SUITE 1600, DALLAS TX, 75201

```
Dated: 10/27/2009              By:   /s/ Thomas D. Powers
```

```
DEBTOR(S)


     AMY GOLDBLATT HOWARD
      5783 VERSAILLES AVENUE

      FRISCO TX                    75034
```